STATE TRADE CORP., APPELLANT, *v.* TOBIAS STUDIO, A PARTNERSHIP, APPELLEE.

(Decided June 8, 1940.)

, *Mr. Geo. W. Vorys,* for appellant.
*Mr. Kermit C. Sitterley,* for appellee.

SHERICK, J. This appeal presents but one question, which is the sufficiency of the plaintiff's amended petition. A general demurrer thereto having been sustained, final judgment was entered, from which plaintiff appeals. The amended petition recites that the defendant partnership obligated itself as acceptor upon a trade acceptance, which is attached as an exhibit to the pleading and made a part thereof. It is in the usual form of such instruments, with one exception, which will be hereinafter noted. The amended petition also alleges that before maturity and for value plaintiff purchased the instrument of the payee, who endorsed it over to plaintiff which is now the holder thereof; that upon maturity payment was demanded

at the place where the instrument was made payable; that it was not paid and was duly protested for nonpayment; and that defendant and the payee were duly notified. It is also averred that the trade acceptance is past due and unpaid and that there is due plaintiff thereon from the defendant as acceptor the face thereof with interest from its due ,date. Judgment is prayed for. The pleading is verified. The exception in the instrument previously noted follows the signature of the acceptor. It is in fine print and reads:

"The obligation of the acceptor thereof arises out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase."

The theory of the defendant, and upon which the trial court acted, is entirely grounded upon the assertion that the above-quoted clause rendered the instrument sued upon nonnegotiable for the reason that when a bill or note contains a reference to an extrinsic contract in such a way as to make its terms subject to the provisions of such a contract, as distinguished from mere reference to it as the origin of the bill or note, the instrument ceases to be negotiable paper. The defendant asserts as facts certain matters which are not before us, which are, that the trade acceptance was given for goods purchased which defendant had the right to return before due date and upon which credits were to be allowed; that the goods were returned and it was found that the payee had gone out of existence; and that by virtue of these facts and the negotiation of the acceptance, the sum due thereon was not certain, and a fraud is being perpetrated upon the acceptor.

If defendant's theory be correct, and these facts are susceptible of proof, they, of course, would establish a conclusive defense to plaintiff's claim. However, we are of the opinion that this court is not now called upon to determine the legal hypothesis advanced.

As we view the amended petition, three matters might very properly have engaged the trial court's attention. First: Does the instrument create a conditional liability? Second: If the note be nonnegotiable, as defendant claims, does that fact make Section 11334, General Code, which authorizes the short form of pleading, inapplicable and unavailable to plaintiff? Third: Had the trial court the right to consider the trade acceptance as a part and parcel of the petition upon demurrer? We have no way of knowing what prompted the court's action, except to indulge the assumption that it held with defendant's reason found stated in the memorandum attached to the demurrer, that the instrument's maturity was contingent upon the contract which is made a part of the trade acceptance. At least, this was the only reason assigned for the sustaining of the demurrer.

Section 11334, General Code, distinctly provides for and limits pleading upon short form to an "instrument for the unconditional payment of money only." The trade acceptance so stipulates, unless the "exception" previously quoted qualifies the promise. That portion thereof, before the comma, clearly refers only to the origin of the obligation. The last portion qualifies "maturity" only. Nothing is said concerning the medium of payment. If the last phrase is conditional, it goes only to time of payment and not to medium of payment. At least, this is the "exception's" only visual purpose. What the contract may disclose is, of course, unknown to us and cannot here be considered. We therefore conclude that the trade acceptance is an instrument for the unconditional payment of money only and within the statute even though its maturity might be conditional.

Assuming for the purpose of further discourse, that the trade acceptance is a nonnegotiable instrument, by reason of the fact that it makes reference to an extrinsic contract which modifies the terms of the ac-

ceptance, this question follows: Does Section 11334, General Code, cover nonnegotiable paper as well as a negotiable "instrument for the unconditional payment of money only"? The statute makes no distinction. Bates Pleading and Practice (4 Ed.), 912, Section 974a, says that it applies "whether the paper is negotiable or not." Wyoming has a similar statute. In *Brown* v. *Cow Creek Sheep Co.*, 21 Wyo., 1, 126 P., 886, it was held that to authorize the form of pleading prescribed by Section 4406, Compiled Statutes of 1910, providing that, in an action founded on an instrument for the unconditional payment of money, it shall be sufficient to set forth a copy of the instrument, and to state that there is due to plaintiff from the adverse party a specified sum, the instrument must be one for the unconditional payment of money only; but it is not necessary that the instrument should be negotiable.

It is our judgment that counsel for defendant and the trial court entirely lost sight of the fact that even if the trade acceptance is not negotiable, that did not end the matter, for one may sue upon nonnegotiable paper as well as upon a negotiable instrument and use the short form of pleading when it is "for the unconditional payment of money only." If the acceptance be nonnegotiable, we have no conception of any other fact that should have been pleaded. It appears to us that defendant's claimed facts should have been embodied in an answer addressed to the averments of the amended petition. Thereby the issue would have been squarely and properly presented. This course was pursued in *Westlake Mercantile Finance Corp.* v. *Merritt,* 204 Cal., 673, 269 P., 620, 61 A. L. R., 811, upon which defendant builds its denial of liability.

Was the copy of the trade acceptance a part of the petition? We think it was. Search discloses that but two sections of the General Code, Sections 11333 and 11334, furnish authority for attaching copies of instruments to pleadings in ordinary civil cases. Sec-

tion 11333 requires that in action founded "on a written instrument as evidence of indebtedness, a copy thereof *must* be attached to and filed with the pleading." (Italics ours.) The code dispenses with the practice of profert and oyer by substituting the attachment of copies of certain written instruments to pleadings. But these two sections have different purposes. We quote from 31 Ohio Jurisprudence, 647, Section 92:

"The distinction between setting forth copies of the certain instrument as prescribed in Section 11334, General Code, and attaching copies to a pleading in conformity with Section 11333, General Code, is obvious and important. In the former case they become incorporated in the petition by an express reference; in the latter they are attached and filed, not as a part of any statements in the petition, but as evidence."

In the present case a copy of the trade acceptance is more than attached to the amended petition. It is therein clearly stated that "a true and correct copy of which instrument is hereto attached made a part hereof and marked exhibit 'A.'" Section 11334, General Code, countenances this practice which is the course pursued in this state, times without number.

Holding that the amended petition at least properly pleads a cause of action upon a nonnegotiable instrument for the unconditional payment of money only, the judgment must be and is reversed and the cause remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

LEMERT and MONTGOMERY, JJ., concur.